IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **INNOVATIVE OFFICE PRODUCTS, INC.,** | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 05-4037 |
| | : | |
| **SPACECO, INC., et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                          **OCTOBER 6, 2008**


This memorandum considers the Defendant's Motion to Reconsider the Construction for the Voids Claim Limitation.  (Document No. 123).  The court constructed this limitation in the August 2007 <u>Markman</u> order.  (Document No. 98). After reviewing the parties' memoranda, the motion is hereby dismissed as it does not firmly establish that the court's construction was a clear error of law.

**I.  Background facts**

Plaintiff, Innovative Office Products, Inc. (Innovative) is a Pennsylvania corporation that develops and produces electronic device support products such as monitor arms and accessories to position electronic devices such as flat screen displays and tilter assemblies.  Defendant SpaceCo, Inc. (SpaceCo) is a Colorado corporation. Defendant SpaceCo Business Solutions, Inc. (SpaceCoBS) (collectively, the Defendants) is a Nevada corporation.  Both defendants are also in the business of developing and

selling monitor extension arms to position similar electronic devices. Both defendants market monitor extension arms under the mark "SPACEARM."

On July 28, 2005, Innovative filed a complaint charging SpaceCo with infringement of seven United States patents. The following seven patents are at issue in this case:

(1) On January 14, 2003, the United States Patent and Trademark Office (the "USPTO") issued United States Patent No. 6,505,988 (the "'988 patent").[1] for an invention entitled "Tilter for Positioning Electronic Devices."

(2) On February 15, 2005, the USPTO issued United States Patent No. 6,854,698 (the "'698 patent") for an invention entitled "Arm Apparatus for Mounting Electronic Devices."

(3) On October 18, 2005, the USPTO issued United States Patent No. 6,955,328 (the "'328 patent") for an invention entitled "Arm Apparatus for Mounting Electronic Devices."

(4) On January 10, 2006, the USPTO issued United States Patent No. 6,983,917 (the "'917 patent") for an invention entitled "Arm Apparatus for Mounting Electronic Devices."

(5) On February 7, 2006, the USPTO issued an <u>Ex Parte</u> Reexamination Certificate of United States Patent No. 6,478,274 (the "'274 patent") for an invention entitled "Arm Apparatus for Mounting Electronic Devices."

(6) On June 27, 2006, the USPTO issued United States Patent No. 7,066,433 (the "'433 patent") for an invention entitled "Arm Apparatus for Mounting Electronic Devices with Cable Management System."

(7) On March 28, 2006, the USPTO issued United States Patent No. 7,017,874 (the "'874 patent") for an invention entitled "Arm Apparatus for Mounting Electronic Devices."

---

[1] Odd N. Oddsen, Jr. invented the subject matter of all the patents and Innovative is the lawful owner.

Innovative is seeking to stop the continuing infringement of its patents by SpaceCo and damages caused by the infringement.

Fact discovery was completed on January 31, 2008. The court held a Markman[2] hearing on February 27, 2007. Shortly thereafter in March 2007, defendant SpaceCoBS filed for voluntary bankruptcy in the United States Bankruptcy Court for the District of Colorado (Bankruptcy Court). The court received notice of the bankruptcy proceedings and placed the case in civil suspense on April 10, 2007. On May 31, 2007, the parties requested that the court complete and issue the Markman order per an oral order of Judge Howard Tallman of the Bankruptcy Court. Innovative sought relief from the automatic stay and requested a scheduling order on October 24, 2007. Expert discovery concluded on March 14, 2008.

On March 24, 2008, the Defendants filed the pending motion for reconsideration of the "voids" claim limitation in the '874 patent.[3] The Markman order rejected the

---

[2] In Markman v. Westview Instruments, 517 U.S. 370, 372 (1996), the Supreme Court held that the construction of a patent is a matter of law to be conducted by the court and not the jury. Determining whether a patent has been infringed is a two-step analysis. Cyber Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc) (citations omitted). First, a court must properly construe the patent's claims to determine their scope and meaning. Id. Second, the properly construed claim must be compared to the device accused of violating the patent to determine whether the defendant has infringed the plaintiff's patent. Id. The purpose of the Markman hearing is to accomplish the first step of the process because the bedrock principle of patent law requires that the claims of the patent define the invention to which the patentee has the right to exclude others. Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005 (en banc), *cert denied*, 126 S. Ct. 1332 (2006). After the court has properly construing the patent claims, the finder of fact performs the second step of the analysis by comparing the claims to the allegedly infringing device to determine if the patent has been infringed. See Bai v. L&L Wings, Inc., 160 F.3d 1350, 1353 (Fed. Cir. 1998); Wolverine World Wide, Inc. v. Nike, Inc., 38 F.3d 1192, 1199 (Fed. Cir. 1994).

[3] The limitation reads in pertinent part, "[a] first coupling rigidly attached . . . having a plurality of voids formed therein . . . . [W]herein said first coupling has top end and a bottom end, *said plurality of voids extending between said top and bottom ends*." U.S. Patent No. 7,017,874 cols. 13-14 (issued Mar. 28, 2006) (emphasis added). The Defendants challenge the construction of the italicized language.

Defendants' proposed construction and instead read the "voids" language to mean "gaps or spaces which extend in the space between the top and bottom ends." Innovative Office Products, Inc. v. SpaceCo, Inc., et al., No. 05-4037 (E.D. Pa. filed Aug. 23, 2007) (mem.) . The court constructed the language in light of the ordinary meaning of between. Id. at 13. This reading was bolstered by the drawings in Innovative's Markman brief "show[ing] that the voids do not go through to the top because they are only visible from a bottom, view, not a top view." Id. at 13-14 (citation omitted). Defendants' memorandum alleges that (1) the prosecution history indicates that the issuance of the '874 patent was dependent upon the voids extending the entire length of the coupling and through the top and bottom ends, and that (2) Innovative caused the court to adopt an incorrect construction through misrepresentations of the prosecution history.

## II. Standard of Review

A court deciding a motion for reconsideration may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). See also Cont'l Cas. Co. v.

Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.").  The Local Rules of Civil Procedure for the Eastern District of Pennsylvania provide that "[m]otions for reconsideration or reargument shall be served and filed within ten (10) days after the entry of the judgment, order, or decree concerned." E.D. PA. R. CIV. P. 7.1(g).

"A motion for reconsideration is not intended to provide a losing party with a second bite at the apple."  Yang v. AstraZeneca, No. 04-4626, 2005 U.S. Dist. LEXIS 18567, at * 2-3 (E.D. Pa. Aug. 29, 2005).  It "is not properly grounded on a request that a court reconsider repetitive arguments that have been fully examined by the court." Tobin v. Gen. Elec. Co., No. 95-4003, 1998 U.S. Dist. LEXIS 693, at *4 (E.D. Pa. Jan. 27, 1998).  The motion should "address[] only factual and legal matters that the court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through - rightly or wrongly."  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citations and internal alterations omitted).  "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration."  Harson Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

**III. Discussion**

After reviewing the parties' memoranda, I will deny the motion. The Defendants have alleged no intervening change in applicable law nor do they bring forward any new evidence that had been unavailable prior to this court's Markman order.[4] Max's Seafood Café, 176 F.3d at 677. They make no showing of any manifest injustice they would suffer. Accordingly, the motion for reconsideration should only be granted "to correct a clear error of law . . . ." Id. Given this standard, the motion is denied because it has come long after the period prescribed by the appropriate Local Rule, the Defendants' claim that the file history for the '874 patent necessarily requires their construction is not clear as a matter of law, and Innovative did not necessarily misrepresent the prosecution history to this court.

The motion for reconsideration has come long past the time allotted provided by the local rules. The motion should have been filed within ten days after the order in question. E.D. PA. R. CIV. P. 7.1(g). The court, however, may depart from local procedural rules where "(1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." United States v. Eleven Vehicles, 200 F.3d 203, 215 (3d Cir. 2000); see also McKenna v. City of Philadelphia, 511 F. Supp. 2d 518, 529 (E.D. Pa. 2007) (finding, in dicta, that the

---

[4] The Defendants' motion is built on the prosecution history for the '874 patent. They, however, have made no showing as to why this evidence was not presented at the Markman hearing or that it was unable to acquire the material until this time.

-6-

plaintiff's motion to reconsider was untimely when submitted six years after the date set by Local Rule 7.1(g)); United States v. Cabiness, 278 F. Supp. 2d 478, 483 (E.D. Pa. 2003) (denying the petitioner's motion to reconsider the dismissal of his habeas petition as untimely when filed six months after the date set by Local Rule 7.1(g)).  But see Shimoyama v. City of Philadelphia, 2008 WL 2412969, at *3 (E.D. Pa. June 9, 2008) (waiving Local Rule 7.1(g) when plaintiff's delay in filing was due to the defendant's untimely production of requested evidence).

     The Markman order was filed on August 23, 2007.  The Defendants' motion was not filed until April 24, 2008, eight months after the Markman order.  The Defendants' memoranda provide neither a definitive explanation for the delay nor a reason as to why the court should exercise its discretion.  There is no evidence that Innovative hindered or otherwise prevented the Defendants from discovering the evidence or filing the motion.  Consequently, the motion is considered untimely, which is sufficient grounds to dismiss it.

     Even assuming *arguendo* that the motion was timely filed, the motion would still be denied because the Defendants have not definitively established the need to correct a clear error of law.  The Defendants's first argument is that "[t]he prosecution history for the '874 patent reflects that the PTO allowed [Claim 1] *only when* [Innovative] amended the [claim] to recite that the voids not only were present *in* the first coupling, but that the voids extended the entire length between the bottom and top ends." (SpaceCo Mem. at

4).  The Defendants argue that due to the amendments made to Claim 1, a proper reading of the claim dictates that the voids in question extend through the top and bottom ends.

In particular, they draw attention to the final amendment, which was allegedly made to avoid rejection as being anticipated by U.S. Patent No. 5,697,588 to Gonzalez (Gonzalez).  (SpaceCo. Ex. 2 at 28).  Initially, Claim I provided for "an opening provided by an inner surface having a plurality of voids formed therein surrounding said opening." (Innovative Mem. at 4).  In a third series of amendments, Innovative included several new claims to include dependent claim 24,[5] which provided that the "first coupling has a top end and a bottom end, said plurality of voids extending between said top and bottom ends."  (SpaceCo. Ex. 2 at 44).

In the next USPTO action, Claim 1 was rejected as being anticipated by Gonzalez. (Id. at 28).  The Examiner indicated that Gonzalez provides for "[a] coupling [that] includes an opening (not numbered) provided by an inner surface having a plurality of voids (32a) formed therein surrounding the opening."  (Id. at 28-29).  The Defendants therefore read Gonzalez as already providing for voids between the top and bottom ends of a coupling but not for voids going through the ends.  (SpaceCo Mem. at 6-7).  Because Claim 24 was dependent on Claims 1, it was also rejected.

In its next (and final) submission, Innovative amended Claim 1 to include Claim

---

[5] Claim 24 is dependent on Claim 1.

24's language.[6]  The patent was then approved.  The Defendants argue that since Claim 1 had already provided for voids in the space between the top and bottom ends, it had been rejected in light of Gonzalez because that patent already taught "a plurality of voids . . . formed therein surrounding the opening."  (Id. at 4-6).  Because Claim 1's voids were already "in between" the ends of the coupling, the language added right before approval was secured must mean that the voids are to extend *through* the top and bottom ends (Id.).  This was not anticipated by Gonzalez, and would give meaning to the second limitation.

Innovative counters that the amended language, "extending between said top and bottom ends," only establishes where the voids are located within the coupling. (Innovative Mem. at 6-7).  While Gonzalez does provide for a series of voids, they are limited to that area around the designated bottom opening.[7]  The language in question then distinguishes the '874 patent from Gonzalez because it specifies a different location: the voids are to be in the area between the top and bottom end, and not just around one

---

[6] Claim 1 now reads, in pertinent part:

> [S]aid first coupling including an opening provided by an inner surface having a plurality of voids formed therein surrounding said opening . . . *wherein said first coupling has a top end and a bottom end, said plurality of voids extending between said top and bottom ends.*

U.S. Patent No. 7,017,874 cols. 13-14 (emphasis added).  The italicized language is directly incorporated from the former Claim 24.

[7] As the Gonzalez file indicates, "the gudgeon 28 includes a plurality of circumferentially spaced apart catches 32a . . . ." U.S. Patent No. 5,697,588 col. 3 ll. 29-30 (issued Dec. 16, 1997). Figures 4 and 5 from the Patent file further illustrates this point in showing the top portion of the coupling (28) resting atop pintle 24. Id. figs. 4, 5. The cut-away diagram locates the catches 32a at the base of the coupling only. Id. fig 5.

designated end.[8]

The Defendants have not established the existence of a clear error of law. The file history supports both constructions and does not necessarily foreclose either argument. The pre-approval '874 patent language mirrored Gonzalez, and obviously, the '874 patent voids were already *in* the space between the ends. The addition of the second voids limitation though can be read as further clarifying the *location* as extending between the ends, not just surrounding one end. Given the existence of these plausible alternative constructions, I conclude that the Defendants have not established a clear error of law in the claim construction.

The Defendants also argue that Innovative's alleged misrepresentations caused the court to adopt an improper construction of the voids limitation. In particular, the Defendants point to Innovative's statement that "[n]othing in the patent specification or prosecution history suggests that the patent applicant intended to disclaim coverage of a forearm extension with voids which, for example, extend 50% of the length of the couplings." (Innovative's Resp. Br. at 18) (Document No. 79). The contention is that given the prosecution history and the Examiner's references to Gonzalez, the issuance of the '874 patent necessarily hinged on the fact that the void would extend through the top and bottom ends. Consequently, Innovative's representations that the voids were located

---

[8] Innovative highlights another difference between the two patents: the Gonzalez Patent's "plurality of voids" are actually gear teeth. (Innovative mem. at 7). It is noted, however, that the '874 Patent Examiner's comments only refers to these formations as a "plurality of voids." (SpaceCo Ex. 2 at 29).

only in between (and not through) the ends was misleading.

The argument is unpersuasive because it flows from the Defendants' initial assumption that the prosecution history requires that the '874 patent voids go through the top and bottom ends.  As discussed above, the distinctions between the Gonzalez and '874 patents are fine but identifiable: the former teaches that the plurality of voids surrounds the opening of the coupling; the latter provides for a plurality of voids extending between the top end and the bottom end of the coupling.  Because the Defendants have not established that the court's construction of the second voids limitation in the '874 patent was a clear error of law, Innovative's arguments before this court are not considered to have been misleading.

## IV.  Conclusion

For the reasons stated above, I will deny the Defendant's Motion to Reconsider the Construction for the Voids Claim Limitation.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INNOVATIVE OFFICE PRODUCTS,: | | |
| INC., | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. 05-4037 |
| | : | |
| SPACECO, INC., et al., | : | |
|     Defendants | : | |

**O R D E R**

**STENGEL, J.**

**AND NOW**, this 6th day of October, 2008, upon consideration of the Defendant's Motion to Reconsider the Construction for the Voids Claim Limitation (Document No. 123) and Plaintiff's response thereto, it is hereby **ORDERED** that the motion is **DENIED**.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.